FILED
2023 Jun-29  PM 03:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MERCEDES TESHEAL STEWART,** | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) )  Civil Action No. 5:23-cv-628-CLS |
| **KEVIN TURNER,** *et al.*, | ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This action is before the court on the motion of *pro se* plaintiff, Mercedes Tesheal Stewart, to proceed *in forma pauperis.* Doc. no. 2. After reviewing the motion in conjunction with plaintiff's *pro se* complaint, the court cannot discern a claim upon which relief can be granted.

Plaintiff filed her complaint on May 18, 2023, and utilized a form provided by the Clerk to assist *pro se* plaintiffs when commencing a civil action.[1] She listed the defendants as: Kevin Turner, Sheriff of Madison County, Alabama; Robert L. Broussard, District Attorney of the same jurisdiction; and, Joshua M. Clark, a "Huntsville police officer."[2]  In part II of the form, labeled the "Basis for

---

[1] Doc. no. 1 (Complaint for Violation of Civil Rights (Non-Prisoner Complaint)).

[2] *Id.* at 2-3.

Jurisdiction," plaintiff marked the box indicating that she was bringing suit against "State or local officials (a § 1983) claim."[3] Subsection B of part II asked: "If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?" Plaintiff answered that question as follows: "4th amendment: protects people from unreasonable searches and seizures by the government. 14th amendment: nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."[4]

Plaintiff described the facts underlying her claim as follows: "Police officer assigned to my 2016 case did a illegal search and seize [sic] of charge I was charged for. I was not a resident of Huntsville Alabama at the time of my 2016 case. In Madison County Courthouse I was not present for December 7 2022 cases."[5]

Plaintiff asked this court to provide the following relief: "dismiss cases that where [sic] filed. Give full custody of my kids back, reverse me [sic] for any payments that I have made in the last 7 years for probation, court cost and fees, and child support. Punitive damages that can be negotiated due to lack [of] mental

---

[3] *Id.* at 3.
[4] *Id.*
[5] *Id.* at 4.

stability."[6]

## DISCUSSION

Plaintiff asserts that she is entitled to relief under 42 U.S.C. § 1983. To state a claim for relief under that statute, a plaintiff "must establish that [she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

There is no specific statute of limitations for an action brought under 42 U.S.C. § 1983. *Owens v. Okure*, 488 U.S. 235, 239 (1989). Instead, the time limit for commencing suit is determined by the state's statute of limitations for personal injury actions. *Id.* at 240-41. *See Higdon v. Tusan*, 746 F. App'x 805, 814 (11th Cir. 2018) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations for personal injury claims in the state where the action is brought.") (citation omitted). Alabama's general statute of limitations for personal injury actions and, thus, for a claim asserted under § 1983, is two years. Ala. Code § 6-2-38(l). The statute begins to run "when the plaintiff has a 'complete and present cause of action' and can thus 'file suit and obtain relief.'" *Tillman v. Orange County, Florida*, 519 F. App'x 632, 635 (11th Cir. 2013) (citations omitted).

---

[6] *Id.* at 5.

Here, plaintiff provides two dates when the events giving rise to her claims allegedly occurred: "04/23/2016 18:27 p.m."; and "12/7/2022 1:30 p.m."[7] With respect to the 2016 date, plaintiff states: "Police officer assigned to my 2016 case did a [sic] illegal search and seize [sic] of charge I was charged for.  I was not a resident of Huntsville Alabama at the time of my 2016 case."[8]   Any claims against any defendants involved in plaintiff's 2016 case are barred by the two-year statute of limitations.[9]

With respect to the events alleged to have occurred on December 7, 2022, plaintiff states only that "[i]n Madison County Courthouse I was not present for December 7, 2022 cases."[10]  This statement, without more, does not support a claim upon which relief can be granted.  Even if it did, plaintiff's claims against Sheriff Turner and District Attorney Broussard are barred by the Eleventh Amendment of the United States Constitution, which bars suits for money damages against a state or state officials, unless the state waives its Eleventh Amendment immunity or immunity is abrogated by Congress.  *See Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th

---

[7] Doc. no. 1 (Complaint for Violation of Civil Rights), § III.B., at 4.

[8] *Id.* at § III.C.

[9] Plaintiff has identified Huntsville City Police Officer Joshua M. Clark as one of the defendants. *Id.* at § I.B.  The only allegation in the complaint that pertains to him relates to the 2016 incident.

[10] *Id.*

4

Cir. 1990). Congress has not abrogated Eleventh Amendment immunity in § 1983 cases, and the State of Alabama has not consented to suit. *Id.* This immunity extends to state officials sued, as here, in their official capacity. *Id.* Under Alabama law, both sheriffs and district attorneys are deemed "executive officers of the state," such that lawsuits against them are effectively lawsuits against the state. *See id.* (sheriff); *Hooks v. Hitt,* 539 So. 2d 157, 159 (Ala. 1988) (district attorneys).

Accordingly, plaintiff's § 1983 claim for punitive damages is barred. Further, the remaining relief sought by plaintiff is not available under § 1983.

An Order consistent with this opinion will be entered contemporaneously herewith.

**DONE** this 29th day of June, 2023.

_____
Senior United States District Judge